Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY M. WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT & ASSOCIATES, PC, MIDLAND FUNDING, LLC, MANN BRACKEN, LLP and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO.: 2:19-cv-2516 <br><br><br><br> CLASS ACTION <br> COMPLAINT FOR DAMAGES |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her class action complaint against the Defendants SCOTT & ASSOCIATES, PC, MIDLAND FUNDING, LLC, and MANN BRACKEN, LLP alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; and California Business and

Professions Code §17200, et seq., which prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

## PARTIES

2. Plaintiff Sandy M. Williams is a natural person residing in Los Angeles County, California.

3. Upon information and belief, Defendant Scott & Associates, PC is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in Carrollton, Texas.

4. Upon information and belief, Defendant Midland Funding LLC is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 and is located in San Diego, CA.

5. Upon information and belief, Defendant Mann Bracken, LLC is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2 and is located in Concord, CA.

## JURISDICTION

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendants regularly conduct business in this district.

## FACTUAL ALLEGATIONS

7. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

8. That a personal debt was allegedly incurred by Plaintiff to one "Associates."

9. That at a time unknown to Plaintiff herein, Defendant Midland Funding LLC obtained and/or purchased Plaintiff's alleged account.

10. That at a time unknown to Plaintiff herein, Plaintiff's alleged debt was referred and/or assigned to Defendant Mann Bracken LLP for collection.

*Count One*

11. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

12. That in or about July 2008, Defendant Mann Bracken LLP, on behalf of Defendant Midland Funding LLC, filed a lawsuit (case no.08C04710, hereinafter referred to as the "Collections Lawsuit") against Plaintiff in an attempt to collect on the aforementioned debt.

13. That upon information and belief, although Defendants knew that they did not have adequate documentation to support the Collections Lawsuit, they persisted with legal action anyway in a deceptive manner in order to confuse and intimidate consumers like Plaintiff.

14. That upon information and belief, Defendants did not adequately review Plaintiff's account file prior to filing the lawsuit.

15. That upon information and belief, Defendants did not have prima facie evidence to support the claims in the Collections Lawsuit against the Plaintiff, yet persisted with legal action in an attempt to harass Plaintiff and compel payment of a debt by means of abuse, harassment and coercion.

16. That upon information and belief, Defendants systematically file meritless lawsuits in an effort to compel consumers into making payments on certain accounts knowing that they cannot and do not intend to try said cases on their "merits".

17. That upon information and belief, Defendants regularly purchase debts and initiate legal proceedings without valid prima face proof of the validity of the debts to compel debtors into payment by means of legal action.

*Count Two*

18. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

19. That upon information and belief, Defendants failed to properly serve Plaintiff with the Collections Lawsuit.

20. That the Collections Lawsuit resulted in a default judgment against Plaintiff.

21. That upon information and belief, Defendants, in order to obtain default judgments, systematically and intentionally fail to execute proper service of process in their lawsuits against debtors.

22. That upon information and belief, Defendants strategically engage in wide-spread "sewer service" of lawsuits and preemptively obtain default judgments without the consumer's knowledge in order to gain unfair leverage in their attempts to collect on debts.

23. That upon information and belief, Defendants engage in the systematic and routine practice of filing frivolous lawsuits, like the Collection Lawsuit, and obtaining default judgments against consumers without due process.

*Count Three*

24. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. That Defendants mailed Plaintiff a letter dated February 4, 2009, advising her that they had obtained a judgment from the Collections Lawsuit and that in order to avoid a potential wage garnishment, Plaintiff was to contact Defendant Mann Bracken and "arrange a settlement of this matter at once."

26. That Plaintiff and Defendant Mann Bracken entered into an agreement whereby Defendants would accept approximately $2,732.00 from Plaintiff in order to settle out said judgment.

27. That Plaintiff, in order to avoid a potential wage garnishment, paid Defendants approximately $2,732.00 in accordance with her agreement with Defendants.

28. That notwithstanding Plaintiff's payments, Defendants failed to vacate the above-referenced judgment against Plaintiff.

*Count Four*

29. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

30. That over the course of the next several years, the judgment against Plaintiff was transferred to multiple law offices and ultimately assigned to Defendant Scott & Associates PC for collection.

31. That the Defendants unlawfully caused the judgment to be renewed.

32. That upon information and belief, Defendants, in their attempts to collect a debt, acted jointly and in cahoots as debt collectors, to systematically file <u>meritless</u> lawsuits (knowing that they cannot and do not intend to try said cases on their "merits"), obtain default judgments premised on improper service, renew and/or execute on judgments in an effort to compel consumers like the Plaintiff into making payments on bad, unfounded debts.

33. That upon information and belief, the purported "bad" debt incurred by Plaintiff has been circulated, purchased and/or assigned through a series of various debt buyers, including Defendants, with the ultimate intent of filing of a meritless collection lawsuit for the purpose of obtaining default judgments and inflating fees unlawfully.

34. That upon information and belief, the conduct of all Defendants to collect on Plaintiff's account confused and deceived Plaintiff as to the status of her account and who was ultimately responsible for collection, and is a concerted effort by all Defendants to avoid fault, lay blame on the other and circumvent liability.

*Count Five*

35. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. That in or about March 2019, Defendant Scott & Associates PC mailed Plaintiff a dunning notice dated March 2, 2019 in an attempt to collect a debt.

37. That said letter was entitled, in large all-caps font, "<u>TAX TIME SETTLEMENT OFFER</u>." ( emphasis in the original)

38. That according to said notice, Plaintiff had an unpaid account owed to Defendant Midland Funding LLC for a total amount owed of $5,552.35.

39. That as a result of Defendants' misrepresentations and deceptive statements, Plaintiff was led to believe that she was obligated to pay the alleged debt.

40. That Defendants' conduct and threatening representations caused an unnecessary urgency in attempt to coerce the Plaintiff to pay the alleged debt.

41. That Plaintiff was confused and misled by Defendants, and became stressed and anxious about the alleged account.

*Count Six*

42. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43. That shortly after receiving the March 2nd dunning notice, Plaintiff sent Defendant Scott & Associates, PC a letter disputing the alleged account.

44. That in her dispute letter, Plaintiff advises Defendants of the following information, in pertinent part: "Please know that this judgment is invalid as I settled in full this matter back in 2009 with Mann Bracken LLP. Since this was settled with them I do not owe anything to you and would like for you to vacate and dismiss it completely. Please verify the information with Mann Bracken LLP or Midland Funding LLC."

45. That in response to her letter, Defendant Scott & Associates, PC mailed Plaintiff a letter dated March 19, 2019, asking Plaintiff for more information and documentation to support her dispute.

46. That the misrepresentations and deceptive statements made by Defendants constitute unlawful collection activity insofar as Defendants placed an unfounded and unwarranted obligation on consumers, like the Plaintiff, to provide information on alleged debts that they, as debt collectors, have the responsibility to verify.

6
Class Action Complaint for Damages

47. That upon information and belief, Defendants did not have adequate documentation to support their continued collection activity.

48. That upon information and belief, Defendants did not adequately review Plaintiff's account file prior to sending out dunning notice(s).

49. That Defendants abused and harassed Plaintiff by causing a lawsuit and various legal actions to be filed against Plaintiff in an attempt to collect on a debt.

50. That Defendants unlawfully proceeded to execute on a default judgment where they knew that service was improper, and were therefore taking legal action against Plaintiff that could not be legally be taken.

51. That Defendants persisted with abusive and harassing conduct against Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

52. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: monetary loss, stress, anxiety, aggravation, and sleepless nights.

**AS AND FOR A FIRST CAUSE OF ACTION**

53. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. That Defendants' conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

55. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair.

    a. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;
    b. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt.

  c. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

  d. Defendants violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

56. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, confusing, misleading, deceptive and/or unfair, file meritless lawsuits, obtain default judgments through "sewer service" and ultimately abuse judicial process to execute upon said judgments, all in an effort to collect on alleged debts.

57. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

58. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

60. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

  a. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

  b. Defendants have violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

  c. Defendants have violated §1788.15(a) which states that, "No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected;" and

  d. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

61. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

62. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

63. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

64. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

65. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

66. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

67. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

68. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

69. That the Defendants have been unjustly enriched by committing said acts.

70. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

71. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

72. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

**CLASS ALLEGATIONS**

73. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

74. The first cause of action is brought on behalf of Plaintiff and the members of a class.

75. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were named as defendants in various collections lawsuits based on junk/dead accounts that had little to no basis for collection.

76. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were named as defendants in the aforementioned collections lawsuits that resulted in default judgments.

77. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the facts that the collection activity, including Defendants' representations, statements, letters, and/or collections lawsuits are at the heart of

this litigation, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C)     The only individual issue is the identification of the consumers who were subjected to meritless lawsuits and/or default judgments, a matter capable of ministerial determination from the records of Defendants.

(D)     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

78. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

79. Collection lawsuits, letters, statements and/or reports, such as those sent by, or at the direction of, the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

Class Action Complaint for Damages

80. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendants have violated 1692d by harassing the Plaintiff and engaging in oppressive and abusive conduct;

    b. Defendants have violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

    c. Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    d. Defendants have violated 1692g by using misleading and overshadowing language and mischaracterizing the status of Plaintiff's account.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) An order certifying the class(es) defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

(b) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c) Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., and California Business and Professions Code §§17200, et seq.

(d) Equitable and injunctive relief;

(e) Restitution;

(f) Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq*., common law and/or the Court's inherent power; and

(g) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries, from collecting or attempting to

<tbody>
</tbody>

collect monies not authorized by law from Plaintiff and class members, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: April 3, 2019

Respectfully Submitted,

/S/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194